UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

RECEIVED
USDC CLERK, CHARLESTON, SC
2026 OCT 19 A 9:36

**LAMAR DONELL CUYLER,**
Plaintiff,

Civil Action No. __________

v.

**DEPUTY J. PALMER, individually and in his official capacity as Deputy Sheriff of Charleston County, South Carolina,**

**SHERIFF CARL RITCHIE, in his official capacity as Sheriff of Charleston County, South Carolina,**
Defendants.

# COMPLAINT

**Civil Rights Action Pursuant to 42 U.S.C. § 1983**

## I. JURISDICTION AND VENUE

1. This is a civil action brought pursuant to 42 U.S.C. § 1983 for alleged violations of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the acts and omissions giving rise to this action occurred within Charleston County, South Carolina.

## II. PARTIES

4. Plaintiff Lamar Donell Cuyler is a natural person and resident of the State of South Carolina.

5. Defendant Deputy J. Palmer was, at all times relevant, a Deputy Sheriff acting under color of state law and within the course and scope of his employment with the Charleston County Sheriff's Office.

6. Defendant Palmer is sued in his individual capacity. To the extent prospective relief is sought concerning the continuing retention of Plaintiff's property, Palmer is also named in his official capacity.

7. Defendant Carl Ritchie is the Sheriff of Charleston County, South Carolina. He is named in his official capacity solely with respect to prospective relief concerning the alleged continuing retention and return of Plaintiff's property.

## III. FACTUAL ALLEGATIONS

8. On January 27, 2026, Plaintiff was traveling within Charleston County, South Carolina.

9. Plaintiff pulled into a private driveway for the limited purpose of checking directions before continuing his travel.

10. Before Plaintiff resumed travel, Defendant Palmer approached and initiated an official law-enforcement encounter.

11. Defendant Palmer positioned his marked patrol vehicle behind Plaintiff's vehicle in a manner that prevented Plaintiff from leaving the driveway.

12. Plaintiff was not free to leave and was thereby detained.

13. Plaintiff remained calm, cooperative, and nonviolent throughout the encounter.

14. Plaintiff provided identification requested by Defendant Palmer, including Plaintiff's United States passport, together with documentation Plaintiff believed relevant to the encounter.

15. Plaintiff requested that Defendant Palmer identify the legal basis for the detention.

16. Plaintiff requested the presence of a supervising officer.

17. In response to Plaintiff's repeated requests for a supervisor, Defendant Palmer repeatedly stated, in substance, "We're not doing this," while continuing the detention.

18. Defendant Palmer proceeded to issue two traffic citations.

19. Defendant Palmer caused Plaintiff's vehicle to be seized and removed from the scene by a tow service.

20. Defendant Palmer further seized Plaintiff's private license plates.

21. Plaintiff was deprived of possession and use of his vehicle.

22. In order to recover his vehicle from impound, Plaintiff incurred towing expenses and obtained automobile insurance required for the vehicle's release.

23. Plaintiff appeared before the appropriate court in response to the citations.

24. Defendant Palmer did not appear.

25. Both citations were dismissed.

26. Following dismissal of the citations, Plaintiff served a written demand requesting the immediate return of his seized license plates.

27. No response to Plaintiff's written demand was received.

28. Plaintiff's license plates have not been returned.

29. Plaintiff thereafter sought records concerning the incident pursuant to the South Carolina Freedom of Information Act.

30. Records produced in response to Plaintiff's request identify the incident as an officer-initiated traffic stop.

31. Those same records identify Plaintiff first as a "possible sovereign citizen" and later as a "confirmed sovereign citizen."

32. Plaintiff has never represented himself to Defendant Palmer as a sovereign citizen and does not identify himself by that designation.

33. The records further confirm that a tow service was requested and Plaintiff's vehicle was removed from the scene.

34. As a direct and proximate result of the conduct alleged herein, Plaintiff claims loss of property, loss of use of property, financial loss, towing expenses, insurance expenses incurred to recover the vehicle, inconvenience, emotional distress, loss of peace of mind, continuing apprehension regarding future law-enforcement encounters, and other damages to be proven at trial.

35. Defendant Palmer personally participated in the detention, citations, towing, and seizure alleged above while acting under color of state law.

## IV. CAUSES OF ACTION

### COUNT I
### Fourth Amendment – Unreasonable Seizure
### 42 U.S.C. § 1983

36. Plaintiff realleges and incorporates by reference Paragraphs 1 through 35 as though fully set forth herein.

37. At all times relevant, Defendant Palmer acted under color of state law.

38. The Fourth Amendment to the United States Constitution protects persons against unreasonable searches and seizures.

39. Defendant Palmer intentionally detained Plaintiff by positioning his patrol vehicle so as to prevent Plaintiff from leaving the location of the encounter.

40. Defendant Palmer further caused Plaintiff's vehicle to be seized and removed by tow.

41. Defendant Palmer further seized Plaintiff's license plates.

42. Plaintiff alleges that the detention and seizures described above were unreasonable under the Fourth Amendment.

43. As a direct and proximate result of Defendant Palmer's actions, Plaintiff claims loss of liberty, loss of property, financial loss, emotional distress, and other damages described herein.

## COUNT II
## Fourth Amendment – Unlawful Detention
## 42 U.S.C. § 1983

44. Plaintiff realleges and incorporates by reference Paragraphs 1 through 43 as though fully set forth herein.

45. Defendant Palmer intentionally detained Plaintiff while acting under color of state law.

46. Plaintiff was not free to terminate the encounter and continue on his way.

47. Plaintiff requested the legal basis for the detention and requested the presence of a supervising officer.

48. Defendant Palmer repeatedly stated, in substance, "We're not doing this," while continuing the detention and enforcement action.

49. Defendant Palmer thereafter issued two traffic citations, caused Plaintiff's vehicle to be towed, and seized Plaintiff's private license plates.

50. Plaintiff alleges that the detention was unreasonable and violated the Fourth Amendment.

51. As a direct and proximate result of Defendant Palmer's conduct, Plaintiff claims loss of liberty, financial loss, emotional distress, loss of peace of mind, and other damages.

## COUNT III
## Fourteenth Amendment – Deprivation of Property Without Due Process
## 42 U.S.C. § 1983

52. Plaintiff realleges and incorporates by reference Paragraphs 1 through 51 as though fully set forth herein.

53. Defendant Palmer caused Plaintiff's vehicle to be towed and Plaintiff's private license plates to be seized.

54. Following dismissal of the citations, Plaintiff made written demand for the immediate return of his seized license plates.

55. No response to Plaintiff's written demand was received.

56. Plaintiff's license plates have not been returned.

57. Plaintiff alleges that the continuing retention of his property without adequate process deprives him of property in violation of the Fourteenth Amendment.

58. As a direct and proximate result of the alleged continuing deprivation, Plaintiff claims continuing damages.

## COUNT IV
## Conversion / Wrongful Retention of Property
## South Carolina Law

59. Plaintiff realleges and incorporates by reference Paragraphs 1 through 58 as though fully set forth herein.

60. Plaintiff claims a lawful possessory interest and immediate right to possession of the license plates seized during the January 27, 2026 encounter.

61. Defendant Palmer exercised dominion and control over Plaintiff's property by causing the property to be seized.

62. Following dismissal of the citations, Plaintiff demanded return of the property.

63. The property has not been returned and Plaintiff received no response to his written demand.

64. Plaintiff alleges that the continued retention of the property constitutes conversion or wrongful retention under South Carolina law.

65. As a direct and proximate result, Plaintiff claims damages from the deprivation of possession and use of his property.

## V. DAMAGES

66. As a result of the conduct alleged herein, Plaintiff claims compensatory damages for financial loss, towing and recovery expenses, insurance expenses incurred to recover the vehicle, loss of use of property, loss of time, inconvenience, emotional distress, mental anguish, loss of peace of mind, continuing apprehension regarding future law-enforcement encounters, and the deprivation of constitutional rights.

67. Plaintiff seeks punitive damages against Defendant Palmer in his individual capacity to the extent permitted by law and supported by the evidence.

68. Plaintiff presently seeks damages in an amount not less than $250,000.00, with the precise amount to be determined by the trier of fact.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and grant:

A. Declaratory relief as appropriate concerning the constitutional violations proven in this action;

B. Compensatory damages in an amount to be determined by the trier of fact, but not less than $250,000.00;

C. Punitive damages against Defendant Palmer in his individual capacity to the extent permitted by law;

D. Prospective equitable relief directing the return of Plaintiff's seized license plates, or other appropriate relief concerning their continuing retention;

E. Costs of this action;

F. Attorney's fees to the extent recoverable under 42 U.S.C. § 1988 and other applicable law;

G. Prejudgment and post-judgment interest to the extent permitted by law; and

H. Such other and further relief as the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

______________________________

Lamar Donell Cuyler
Plaintiff,

Address: ______________________________
______________________________
Telephone: ______________________________
Email: ______________________________

Date: ______________________________